**AVERY DENNISON CORP., Plaintiff–Appellant/Cross–Appellee,**

v.

**ALLENDALE MUTUAL INSURANCE CO., a Rhode Island Corporation, Defendant–Appellee/Cross–Appellant.**

Nos. 01–55378, 01–55468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Opinion Filed Sept. 25, 2002.

Order Filed Nov. 14, 2002.

---

David T. DiBiase, Lisa Coplen, Anderson, McPharlin & Conners, LLP, Los Angeles, CA, for the defendant-appellee-appellant.

Kirk A. Pasich, Cassandra S. Franklin, Howrey, Simon, Arnold & White, LLP, Los Angeles, CA, for the plaintiff-appellant-appellee.

Before LAY,* CANBY and PAEZ, Circuit Judges.

**ORDER**

The request to publish the unpublished Memorandum disposition is GRANTED. The memorandum disposition filed September 25, 2002, is modified by deletion of the following sentence: "We will not repeat most of the facts because the parties are familiar with them." So modified, the Memorandum disposition is redesignated a Per Curiam Opinion.

**OPINION**

PER CURIAM.

Avery Dennison Corporation appeals the district court's summary judgment in favor of Allendale Mutual Insurance Company in Avery Dennison's suit for breach of a con-

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eight Circuit, sitting by designation.

tract of insurance and breach of an implied covenant of good faith and fair dealing. The district court held that Avery's claim was not covered by Allendale's insurance policy and that there was no evidence of bad faith. Avery Dennison appeals the district court's ruling. Allendale cross-appeals the district court's dismissal of its request for sanctions against Avery Dennison. We affirm the district court's decisions on both the appeal and cross-appeal.

### The Main Appeal

Avery Dennison purchased an insurance policy with special provisions covering crime, including coverage of loss or damage to "Covered Property" caused by employee dishonesty. "Covered Property" is defined in the policy as "money," "securities" and "property other than money or securities." The policy further provides:

> "Property other than Money and Securities" means any tangible property other than "money" and "securities" that has intrinsic value but does not include any property listed in any Coverage Form as Property Not Covered.

Avery Dennison made a claim against this policy when one of its employees sold trade secrets to a competitor. Allendale denied the claim on the ground that the policy did not cover intangible property, such as Avery Dennison's trade secrets.[1] The district court agreed with Allendale's position and granted summary judgment dismissing Avery Dennison's claim. We affirm.

■ We review de novo the district court's grant of summary judgment. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). We agree with the district court that, under the plain terms of the policy and the principles established by analogous California cases, trade secrets are not tangible property with intrinsic value, and therefore do not qualify as covered property under Allendale's policy. The plain meaning associated with "tangible property" is "[t]hat which may be felt or touched, and is necessarily corporeal." Black's Law Dictionary 1306 (5th ed.1979). Although we have been directed to no California cases addressing trade secrets, the California Supreme Court has described the meaning of "tangible property" in general liability insurance contracts. "The focus of coverage [for tangible property] is therefore the property itself, and does not include intangible economic losses, violation of antitrust laws or nonperformance of contractual obligations." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 17, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995). Thus, in holding that loss of the right to use an easement was not a loss of "tangible property," the California Supreme Court stated:

> "Tangible property" is not ambiguous, and coverage therefore does not turn on alternative meanings. Consistent with an insured's reasonable expectations, "tangible property" refers to things that can be touched, seen, and smelled.

*Kazi v. State Farm Fire & Cas. Co.*, 24 Cal.4th 871, 880, 103 Cal.Rptr.2d 1, 15 P.3d 223 (2001).

The trade secrets for which Avery Dennison seeks to be compensated cannot be touched, seen, or smelled. Avery Dennison contends that some of the secrets were embodied in tangible property, but Avery Dennison does not seek to be compensated for the intrinsic value of some sheets of

---

1. Allendale also relied on exclusions of "indirect" loss, loss resulting from "inability to realize income that you would have realized had there been no loss of ... covered property," and loss "the proof of which as to its existence or amount is dependent upon: ... a profit and loss computation." Because we conclude that trade secrets were not covered property, we need not address the effect of these exclusions.

paper. It seeks to be compensated for the value of its trade secrets, which is by no means intrinsic in the pieces of paper by which some of them may have been transmitted.[2]

*Kazi* also refutes Avery Dennison's argument that we should read the insurance policy according to Avery Dennison's reasonable expectations of coverage. "Tangible property" is not an ambiguous term, and its meaning is sufficiently clear that an expectation that it would cover trade secrets is not reasonable.[3] "[I]f the meaning a lay person would ascribe to contract language is not ambiguous, we apply that meaning." *AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 822, 274 Cal.Rptr. 820, 799 P.2d 1253 (1990). Moreover, Allendale produced evidence that no insurer wrote crime policies that covered theft or dishonest disclosure of trade secrets, that Avery Dennison's purchase of insurance had not been motivated by the desire to protect trade secrets, and that Avery Dennison was informed by its broker that Allendale's policy "excluded" coverage for trade secrets. The district court accordingly did not err in rejecting Avery Dennison's "reasonable expectations" argument.

■ We also conclude that the district court properly granted summary judgment against Avery Dennison on its claim of breach of an implied covenant of good faith and fair dealing. Except perhaps in highly extraordinary circumstances, California does not permit recovery on a bad faith claim unless insurance benefits are due under the policy. *Love v. Fire Ins. Exch.,* 221 Cal.App.3d 1136, 271 Cal.Rptr. 246,

256 (1990). Avery Dennison has not shown any extraordinary circumstances that would take its claim outside of this rule. *See Murray v. State Farm Fire & Cas. Co.,* 219 Cal.App.3d 58, 268 Cal.Rptr. 33, 37 (1990) ("While there may be unusual circumstances in which an insurance company could be liable to its insured for tortious bad faith despite the fact that the insurance contract did not provide for coverage, no such circumstances are presented here."). The California cases cited in Avery Dennison's briefs are of no help to it because those cases held that the insurers withheld benefits that were due under the policies. *Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 145 (1979); *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.,* 78 Cal. App.4th 847, 93 Cal.Rptr.2d 364, 387 (2000); *Mariscal v. Old Republic Life Ins. Co.,* 42 Cal.App.4th 1617, 50 Cal.Rptr.2d 224, 228–29 (1996). The district court thus did not err in dismissing the bad faith claim.

### The Cross–Appeal

■ Allendale cross-appeals the district court's denial of sanctions against Avery Dennison for the latter's false or misleading responses to requests for admissions served pursuant to Fed.R.Civ.P. 36(a). The alleged falsity relates to Avery Dennison's expectations concerning coverage for trade secrets.

■ We review for an abuse of discretion the district court's denial of a motion for sanctions. *See Mark Indus., Ltd. v.*

---

**2.** As Allendale points out, Avery Dennison has not been deprived of possession of its trade secrets; they have merely been shared with a competitor. The lost value is in the exclusivity of the knowledge represented by those secrets. That is not a loss to tangible property.

**3.** "Tangible property" is not rendered ambiguous by the fact that Allendale did not ex-

pressly exclude coverage of trade secrets, as some companies did. "[W]hen an occurrence is clearly not included within the coverage afforded by the insuring clause, it need not also be specifically excluded." *Glavinich v. Commonwealth Land Title Ins. Co.,* 163 Cal. App.3d 263, 264, 209 Cal.Rptr. 266 (1984). The coverage clause here remains clear, and does not reach trade secrets.

*Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir.1995). The controlling provision is Fed.R.Civ.P. 37(c), which requires the court to impose sanctions for improper failures to admit unless the court finds that: (A) the request was objectionable; (B) the admission sought was of no substantial importance; (C) the party failing to admit had reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for failure to admit.

The district court relied solely upon a finding under (B). It did not make a determination whether the failures to admit had been false because the requests dealt solely with Avery Dennison's expectations. Because the district court found the policy language incapable of covering trade secrets, it did not rely on the expectations of Avery Dennison in reaching its decision. The district court accordingly ruled that the admissions sought were of no substantial importance. Although Allendale's contentions to the contrary are not without force, we conclude that this finding of the district court did not constitute an abuse of discretion. We therefore affirm the denial of sanctions.

### Conclusion

The judgments of the district court that are the subjects of the appeal and cross-appeal are affirmed. The parties will bear their own costs on appeal.

**APPEAL AND CROSS–APPEAL AF-FIRMED.**